IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII LABORERS' TRUST FUND, ET AL., | ) ) ) | CIVIL NO. 15-00217 HG-RLP |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF |
| vs. | ) ) | DEFAULT JUDGMENT AGAINST DEFENDANT SIONE K. TAUFATOFUA, |
| SIONE K. TAUFATOFUA, | ) ) | INDIVIDUALLY AND DBA TAUFATOFUA MASONRY CONTRACTOR |
| Defendant. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEFENDANT SIONE K. TAUFATOFUA,
<u>INDIVIDUALLY AND DBA TAUFATOFUA MASONRY CONTRACTOR</u>[1]

Before the Court is Plaintiffs' Motion for Entry of Default Judgment Against Defendant Sione K. Taufatofua, individually and dba Taufatofua Masonry Contractor, filed on October 12, 2015 ("Motion"). ECF No. 10. Defendant was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. See ECF No. 10-1 at 2. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 11. After careful consideration of the Motion, the declarations,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiffs filed their Complaint against Defendant on June 9, 2015. ECF No. 1, Compl. The Complaint alleges that Defendant entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Id. ¶ 5. Contributions were to be paid on or before due dates specified in the collective bargaining agreement. Id. ¶ 5. Under the collective bargaining agreement, Defendant also agreed to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Id. ¶ 6. Plaintiffs claim that Defendant failed to make required contributions. Id. ¶ 12. Plaintiffs claim they are entitled to an order compelling Defendant to submit timely reports and payments, an audit of Defendant's payroll books and records, unpaid contributions, interest, liquidated damages, and attorneys' fees. See ECF No. 10. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 6, 2015. ECF No. 8. The present Motion followed.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.   Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid

contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended. See 29 U.S.C. §§ 1132(e), 1145. Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). Here, Plaintiffs assert that Defendant was personally served on on July 14, 2015. ECF No. 10; see also ECF No. 5. This service is sufficient under 29 U.S.C. § 1132(e)(2) to establish jurisdiction over Defendant.

### B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

#### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

#### 2. Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual

allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiffs brought this action against Defendant for unpaid contributions and to require Defendant to allow an audit of Defendant's records. See 29 U.S.C. §§ 1132(a), 1145; Compl. ¶ 12. The terms of the collective bargaining agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. Compl. ¶ 5-6. Also, under the collective bargaining agreement, Defendant agreed to submit monthly reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Compl. ¶ 6. Defendant employed workers covered by the collective bargaining agreement and those workers performed work for Defendant when the collective bargaining agreement was in effect. Compl. ¶ 14. Defendant failed to make required contributions to Plaintiffs. Compl. ¶ 12. The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled

and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $4,213.35, including delinquent contributions, interest, and liquidated damages, plus $0.78 per day in additional interest accruing from August 31, 2015. ECF No. 10-1 at 7. Additionally, Plaintiffs seek attorneys fees and costs of $9,261.87. Id. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreement. The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and deny the allegations therein; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs served Defendant on July 14, 2015. ECF No. 10-1 at 2. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion on October 12, 2015. ECF No. 10-9. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the

8

Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C. Damages

Plaintiffs request the following:  (1) an order compelling Defendant to submit to Plaintiffs all delinquent monthly reports and to allow Plaintiffs to audit Defendant's payroll books and records; (2) $2,360.31 in delinquent contributions; (3) $388.19 in interest plus $0.78 per day in additional interest accruing from August 31, 2015; (4) $1,464.85 in liquidated damages; and (5) $9,261.87 for attorneys' fees and costs.  ECF No. 10-1 at 6-7.  Each category of requested relief is addressed below.

### 1. Order Compelling a Payroll Audit

Plaintiffs seek an order directing Defendant to submit to Plaintiffs all delinquent monthly reports and to allow Plaintiffs to audit Defendant's payroll books and records. Compl. at 10; ECF No. 10 at 8.  Defendant agreed to submit monthly reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid.  Compl. ¶ 6.  The Court

therefore finds that Plaintiffs are entitled to an order directing Defendant to submit to Plaintiffs all delinquent monthly reports and to allow Plaintiffs to audit Defendant's payroll books and records pursuant to the terms of the collective bargaining agreement.

### 2.   Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $2,360.31.  ECF No. 10-1 at 6.  In support of this contention, Plaintiffs submitted a summary of contributions owed which reflects $2,360.31 in outstanding contributions for the months specified in the Complaint after accounting for payments received from one of Defendant's general contractors.  See id.; see also ECF Nos. 10-4, 10-5, 10-6.  The Court finds that Plaintiffs have established damages in the amount of $2,360.31 for delinquent contributions.

### 3.   Interest

Plaintiffs seek interest in the amount of $388.19.  ECF No. 10-1 at 7.  Plaintiffs also seek interest accruing from August 31, 2015 at $0.78 per day.  Id.  The collective bargaining agreement and 29 U.S.C. § 1132(g)(2) provide that Plaintiffs are entitled to recover interest on unpaid contributions.  See Compl. ¶ 9; 29 U.S.C. § 1132(g)(2)(B).  Based on the documentation provided by Plaintiffs, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court

finds that Plaintiffs have established that they are entitled to interest in the amount of $388.19 plus $0.78 per day accruing from August 31, 2015.

### 4. Liquidated Damages

Plaintiffs seek liquidated damages of $1,464.85. ECF No. 10-1 at 7. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are entitled to recover liquidated damages equal to ten percent of delinquent trust fund contributions. See Compl. ¶ 7; 29 U.S.C. § 1132(g)(2)(C). Based on Plaintiffs' documentation, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established liquidated damages in the amount of $1,464.85.

### 5. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the collective bargaining agreement requires Defendant to pay "all court and collection costs and reasonable attorneys' fees." Compl. ¶ 19. Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir.

2000).  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  <u>See</u> <u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

      Here, Plaintiffs request $9,261.87 for attorneys' fees and costs.  Decl. of Ashley K. Ikeda submitted in support of Mot. ("Ikeda Decl."), ECF No. 10-3, ¶ 18.  The Court finds that Plaintiffs' counsel's requested hourly rate of $225 is reasonable.  However, as detailed below, the Court finds that the hours requested must be reduced for various reasons.

      First, the Court finds that the hours requested by Plaintiffs for preparation of Plaintiffs' scheduling conference statement and for preparation of Plaintiffs' request for production of documents from Defendant should be denied.  Plaintiffs filed the their scheduling conference statement more than a month after default was entered against Defendant.  <u>See</u> ECF Nos. 6 and 9.  Plaintiffs should have contacted the court to vacate the conference instead of incurring fees for an unnecessary filing.  Plaintiffs also served their request for production of documents after default was entered against Defendant.  Defendant should have been treated as a non-party with respect to any discovery sought under the Federal Rules of Civil Procedure.  <u>See</u> <u>Jules Jordan Video, Inc. v. 144942 Canada Inc.</u>, 617 F.3d 1146, 1159 (9th Cir. 2010) ("a defaulted defendant

should be treated as a non-party" for purposes of discovery). Accordingly, the Court deducts the four hours for drafting the unnecessary scheduling conference statement and improper discovery requests. Second, the Court finds that the hours requested by Plaintiffs should be reduced because many of the hours were block billed. Block billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task." Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., Civ. No. 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by twenty percent). The court "may properly impose a reduction for block billing, but it should 'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (quoting Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001)). Because the block billing prevents the Court from determining the reasonableness of the hours worked, Plaintiffs have failed to show that these hours were reasonably incurred. Accordingly, the Court deducts 3.04 hours from Ms. Ikeda's time (twenty percent of the 15.2 hours block billed). See ECF No. 10-7. The Court therefore finds that Plaintiffs are entitled to attorneys' fees

13

for 30.06[2] hours at an hourly rate of $225, or $6,763.50 plus $318.70 in taxes and $521.04 in costs.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART as follows:

(1) Plaintiffs' request for default judgment against Defendant be GRANTED;

(2) Plaintiffs be awarded damages in the amount of $2,360.31 for delinquent contributions, $388.19 plus $0.78 per day accruing from August 31, 2015, in interest, and $1,464.85 for liquidated damages.

(3) Plaintiffs be awarded $7,603.24 in attorneys' fees and costs;

(3) Defendant be required to submit to Plaintiffs all delinquent monthly reports and to allow Plaintiffs to audit Defendant's payroll books and records pursuant to the terms of the collective bargaining agreement.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 13, 2015.



Richard L. Puglisi
United States Magistrate Judge

---

[2] 37.10 hours requested - 4 hours for unnecessary tasks - 3.04 hours for block billing = 30.06 hours.

14

**HAWAII LABORERS' TRUST FUND, ET AL. v. SIONE K. TAUFATOFUA; CIVIL NO. 15-00217 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SIONE K. TAUFATOFUA, INDIVIDUALLY AND DBA TAUFATOFUA MASONRY CONTRACTOR**